**UNITED STATES of America, Plaintiff,**

**v.**

**Richard Jay UBL et al., Defendants.**

**No. CR77–264.**

United States District Court,
N. D. Ohio, E. D.

July 18, 1979.

Nancy C. Schuster, R. J. Stidham, Cleveland, Ohio, for plaintiff.

Bernard J. Stuplinski, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

Defendant Richard Ubl has been indicted for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, bribing a public official in violation of 18 U.S.C. § 201(b)(1), (2), and filing false claims on the United States in violation of 18 U.S.C. § 287. Defendant Consortium Venture Corporation has been indicted for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

Defendants have moved for a judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. Rule 29(a) performs a vital function in a criminal case of protecting the defendants from conviction on the basis of inadequate evidence.

■ Since a guilty verdict in a criminal case can be sustained only when there is relevant evidence from which the jury could find or infer, beyond a reasonable doubt, that the defendant is guilty of each necessary element of the offense charged, the issue in a Rule 29(a) motion is not whether there is *any* evidence to support the indictment. Rather the trial judge must determine whether the Government has presented sufficient evidence from which reasonable jurors could conclude guilt beyond a reasonable doubt. This standard must be applied to each and every element of the offense charged, without judging the credibility of the witnesses. The Rule 29(a) motion must be granted if sufficient evidence is lacking on any necessary element of the offense. *United States v. Shafer*, 384 F.Supp. 496 (N.D.Ohio 1974).

■ Though a rule 29(a) motion is ordinarily not appropriately adjudged until the close of the Government's presentation of evidence, a ruling is proper "if at an earlier stage basic facts appear [or do not appear] inescapably leading to the conclusion that, irrespective of whatever other evidence may be introduced, the prosecution must fail." *United States v. Maryland Cooperative Milk Producers, Inc.*, 145 F.Supp. 151 (D.D.C.1956). *See United States v. Capocci*, 433 F.2d 155 (1st Cir. 1970). To continue the trial after it is apparent that the prosecution cannot introduce sufficient evidence to support a guilty verdict would be a waste of everyone's time and extremely unfair to the defendant. It would simply be a travesty of justice.

■ In the case at bar, the Government was ordered to produce immediately all of its evidence that would establish a connection between the invoices, which the Government alleges are false claims against the public purse, and the string of witnesses who have testified that they received no services or training under the JOBS Entry Program. Failure to establish this link would necessitate a judgment of acquittal for the defendant, as there would be no proof establishing that the invoices were indeed false, or that the defendant knew the invoices were false. The Government has represented that it has produced all its evidence on this link.

Let us consider the Government's evidence on this point. The crucial exhibits are Government exhibits numbers 144, 196 and 196A. Exhibits 144, 196 and 196A are lists of names of persons whom the Government alleges were employed at the consortium companies under the JOBS Entry Pro-

gram. The Government alleges that the defendant billed the Government on the invoices for these persons. Rosalie DiBlasio, the defendant's secretary, testified that she had typed the list in Exhibit 144, but that she did not know the purpose or use of the list. Later, Mrs. DiBlasio testified that she never prepared the invoices submitted to the Department of Labor. Therefore, the Government did not demonstrate by this testimony that this list was related in any way to the allegedly false invoices.

Charles Gogel, another employee of the defendant, who at times helped in the preparation of the invoices, stated that he never saw the billings in 1973, which is the period of time set forth in the indictment.

The Government called John O'Neil, who had reviewed the defendant's records in 1974 on behalf of the Department of Labor. First, Mr. O'Neil could not identify which list, whether Exhibit 144, 196 or 196A, he had received by letter from the defendant. Hence, Exhibit 196 and 196A have not been authenticated and cannot be received in evidence. Second, it is established that the defendant prepared these lists, if the defendant prepared these lists at all, approximately a year after the invoices were submitted to the Department of Labor. It is not known whether the defendant had adequate or accurate records from which to compile these lists. Moreover, the best evidence of the names of the persons employed under the JOBS Entry Program, that is the MA-66 or hire card forms, had been submitted to the Department of Labor and were no longer in the defendant's possession. The hire cards were required to be sent to the Department of Labor along with the invoices. They are crucial to the Government's case. The Department of Labor either destroyed or lost this essential evidence. But this evidence must have been available to the Department of Labor at the beginning or early stages of its investigation. Third, Mr. O'Neil stated that he could not ascertain from any records which he reviewed those persons for whom the defendants billed the Government on the invoices. Mr. O'Neil was in 1973 a Department of Labor employee charged with the responsibility of securing compliance with the federal statute and regulations on the JOBS Entry Program. Therefore, it is all too apparent that the Government has presented no evidence which can establish that the invoices were false or that the defendant knew the invoices to be false.

Defendant was also indicted in Count II with bribing Joseph T. Martin, a state government official, for the purpose of influencing Mr. Martin to allow and aid the commission of a fraud on the United States. The Government has completely failed to establish through Mr. Martin's testimony that the defendant gave something of value to Mr. Martin with the intent to obtain Mr. Martin's assistance in defrauding the United States.

Because the Government has failed to present sufficient evidence on the overt acts set forth in the indictment, a guilty verdict on the conspiracy alleged in Count I of the indictment could not be sustained.

IT IS THEREFORE ORDERED that the defendants' motion for a judgment of acquittal is granted and Richard Jay Ubl and Consortium Venture Corporation are found not guilty on all counts of the indictment.